IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY ZHONGXUE MAH, et al.,<br><br>    Defendants. | Case No. 21-cv-07520-CRB<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION AND WHY SUBJECT MATTER JURISDICTION EXISTS** |

    Plaintiff in the above-captioned matter moves for default judgment, asking for $4,000 in damages under the California Unruh Act, $7,276.50 in attorneys' fees and costs, and an injunction under the Americans with Disabilities Act. Mot. (dkt. 33).

    Federal courts may decline to exercise supplemental jurisdiction over a state law claim "in exceptional circumstances." 28 U.S.C. § 1367(c)(4). When a "high-frequency" litigant asserts a California Unruh Act claim in federal court alongside an ADA claim, this will typically constitute an exceptional circumstance that justifies dismissal of the Unruh Act claim. See Vo v. Choi, No. 20-55737, 2022 WL 4362289, at *3–4 (9th Cir. Sept. 21, 2022); Arroyo v. Rosas, 19 F.4th 1202, 1211–14 (9th Cir. 2021); Garcia v. Maciel, 21-cv-3743, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022). Plaintiff is therefore ordered to show cause why this Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim.

    With respect to the plaintiff's ADA claim, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Consistent with that independent obligation, the plaintiff is ordered to show cause why this case

should not be dismissed for lack of Article III standing. In response, both the plaintiff and plaintiff's counsel must submit separate declarations sworn under penalty of perjury. The plaintiff's declaration must substantiate the jurisdictional allegations as to the plaintiff's intent to return to the defendant's establishment. Counsel's declaration must describe, in detail, the investigation counsel conducted to ensure that their client visited the establishment and intends to return there. The Court may also schedule an in-person evidentiary hearing to test the veracity of the jurisdictional allegations submitted in response to this order.

The plaintiff and counsel must respond within 21 days of this order. Failure to respond will result in a dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: October 20, 2022

CHARLES R. BREYER
United States District Judge